OPINION
{¶ 1} Defendant, Martha Simpson, appeals from her convictionfor arson and the aggregate sentence of three years the trialcourt imposed for that offense and for two prior offenses afterit revoked community control sanctions that had been imposed forthose offenses.
 {¶ 2} Defendant's conviction for arson was entered on her pleaof no contest. The plea was the product of a bargain betweenDefendant and the State. When it accepted her plea, the courtengaged in the following colloquy with Defendant:
 {¶ 3} "THE COURT: Now, the prosecutor has also agreed to besilent regarding the issue of sentence. The prosecutor is notgoing to make any statement to the court. He's going to leave itup to the court on whether to grant probation or not. Do youunderstand that?
 {¶ 4} "MS. SIMPSON: Yes.
 {¶ 5} "THE COURT: But the agreement is that if — not theagreement, but the prosecutor has said that if you are sentenced,then the prosecutor is going to recommend to the court that youreceive out of all of these charges, you receive the lowestpossible sentence which would be one year. That would be therecommendation of the prosecutor. Do you understand that?
 {¶ 6} "MS. SIMPSON: Yes.
 {¶ 7} "THE COURT: But the court is going to decide whether, ifthe court decides to impose a prison sentence, the court willdecide whether or not to go along with the recommendation of aone-year sentence. Do you understand that?
 {¶ 8} "MS. SIMPSON: Yes.
 {¶ 9} "THE COURT: So that the range of possible sentence, whenyou put this all together, if you receive a prison sentence, thelowest possible sentence you could receive would be one year andthe highest possible sentence would be three years under thisplea bargain. Do you understand that?
 {¶ 10} "MS. SIMPSON: Yes." (T. 6-7).
 {¶ 11} When the case came on for sentencing, Defendant'sattorney acknowledged an understanding that the court wasdisposed to impose a term of incarceration, and he reminded thecourt that "this plea was done on the recommendation from thestate for a one-year maximum." (T. 18). The prosecuting attorneyexpressed no recommendation at all, however. The court thenimposed the maximum available term of three years. Defendantfiled a timely notice of appeal.
 ASSIGNMENT OF ERROR {¶ 12} "The trial court as well as the state of ohio violatedthe constitutional rights of the appellant when the pleaagreement was not honored."
 {¶ 13} Defendant argues that her conviction should be reversedbecause the State breached the plea agreement when it failed toperform on its promise to recommend at sentencing that Defendantreceive an aggregate sentence of but one year on all of herpending cases.
 {¶ 14} When a prosecutor induces a defendant to plead guiltybased upon certain promises, the prosecutor has a duty to keepthose promises. Santobello v. New York (1971), 404 U.S. 257,92 S.Ct. 495, 30 L.Ed.2d 427; State v. Quinn (October 24, 2003),Miami App. No. 02-CA-54, 2003-Ohio-5743. Therefore, when theprosecutor remained silent at the sentencing hearing and did notrecommend that Defendant receive an aggregate sentence of but oneyear, the State failed to perform on its promise and therebybreached the plea agreement. Under those circumstances the trialcourt ordinarily should either require specific performance bythe State or allow Defendant to withdraw the plea. Id.
 {¶ 15} The technical breach of promise notwithstanding, we seeno basis to reverse. The court, as evidenced by its ownstatements at the plea colloquy, was fully aware of the State'spromised recommendation. Further, Defendant's counsel remindedthe court of the promise at sentencing, before sentence wasimposed. Therefore, the record reflects that when it imposed itssentence, the court did so with a full understanding of theposition of the State with respect to a sentence.
 {¶ 16} Implicit in any finding of prejudice, and necessary tothat finding, is an inference that the prosecutor's failure toperform on the State's promise demonstrates that the State'sposition concerning the sentence the court should impose hadchanged, possibly as the result of information in the threepresentence investigation reports that were prepared for thecourt. However, the inference is not one which is reasonable. Hadthe State's position changed, it is more likely that the Statewould have said so. Indeed, the more likely reason for theprosecutor's silence appears to be that the court, having beenreminded of the State's position on the matter of a sentence,simply acted on that understanding and failed to call on theprosecutor to repeat the recommendation.
 {¶ 17} The State would have done better to express itsrecommendation, as it had promised it would. But, on this record,the Defendant suffered no prejudice on account of the State'sfailure. Any error on the court's part in imposing the sentenceis therefore harmless.
 {¶ 18} The assignment of error is overruled. The judgment ofthe trial court will be affirmed.
 Brogan, J. and Young, j., concur.